UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ALLA KHAVASOVA
on behalf of herself and
all other similarly situated consumers

                            Plaintiff,

            -against-


PRESSLER & PRESSLER, LLP

                          Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Alla Khavasova seeks redress for the illegal practices of Pressler & Pressler, LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Parsippany, New Jersey.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Alla Khavasova*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about July 21, 2016, Defendant filed a lawsuit against Ms. Khavasova in the Civil Court of the State of New York – County of Queens, in an attempt to collect on a debt it claimed was owed to Genesis Laboratory Management, LLC.

11.   The debt cited in the Defendant's lawsuit against Ms. Khavasova was an improper and false debt and Pressler & Pressler, LLP was aware of that.

12.   At no time, did the Plaintiff enter into contract with the alleged Creditor, Genesis; in fact, she has never heard of the alleged Creditor.

13.   In addition, at no time did the Plaintiff, ever request any blood-work, or any other services for that matter from Genesis, and she certainly never signed any agreement with Genesis.

14.   The Plaintiff did in fact, visit a doctor and had given the doctor her insurance; however, she never consented to any medical services which would not be accepted by her medical insurance.

15.   At no time was the Plaintiff ever asked to consent to any such medical services.

16.   The Plaintiff's insurance company themselves, informed the Plaintiff that the charges for

those alleged medical services rendered were illegal and outrageously inflated.

17.     The account that the Defendant was seeking to collect upon was non-existent; the
Defendant made the Plaintiff believe that she in fact owed such an amount to Genesis
Laboratory Management, LLC when it was not the case.

18.     Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

19.     Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect
> or attempt to collect any debt. Without limiting the general application
> of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or
> expense incidental to the principal obligation) unless such amount is
> expressly authorized by the agreement creating the debt or permitted by
> law."

20.     The Defendant misrepresented the legal status of the alleged debt, as the debt was not
owed by the Plaintiff.[1]

21.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false
representation of the character, amount, or legal status of the debt, and for collecting on

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A).")

a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

22. Plaintiff disputed the alleged medical account, directly with the Creditor, on June 29, 2016 and disputed the debt with Pressler & Pressler too.

23. The Plaintiff had also disputed the alleged medical debt in January 2015, with a previous collection agency, Savit Collection Agency, who had been charged with collecting on the non-existent debt.

24. The Defendant Pressler & Pressler, nevertheless continued to collect on the said debt and even went as far as to file a lawsuit against the Plaintiff, as mentioned above.

25. All the above mentioned entities were fully aware that the said debt was in dispute, yet Pressler & Pressler, in particular failed to notify the Court of that fact.

26. Section 1692g(b) of the FDCPA states that if the consumer notifies the debt collection in writing within thirty (30) days after receipt of an initial communication from a debt collection that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains varication and provides a copy of such verification to the consumer.

27. The Plaintiff did in fact dispute the validity of the debt, but the Defendant continued to attempt collection without ever obtaining and providing verification of the debt.

28. The Defendant failed to cease communications to the Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

29. The Second Circuit has stated that once a debt has been disputed, a debt collector cannot communicate with anyone about that debt without disclosing the disputed nature of the debt. 15 U.S.C. § 1692e(8).

30.    Since it was communicating with others about the debt, when communicating with the court about the Plaintiff's alleged debt, Defendant was required, in accordance with § 1692e(8), to include the fact that the debt was disputed.

31.    Defendant communicated information about the debt to others without disclosing the dispute. 15 U.S.C. § 1692e(8).

32.    When filing the above mentioned complaint against Ms. Khavasova in Queens County court, the Defendant failed to communicate in its complaint that the debt was disputed, in violation of 15 U.S.C. § 1692e(8).  See. Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 285-86 (2d Cir. 2013). ("[O]nce a debt has been disputed, a debt collector cannot communicate the debtor[s] information to others without disclosing the dispute. 15 U.S.C. § 1692e(8)... Such debtor consumers would also undoubtedly benefit from having the fact of the dispute reported **whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8)**").

33.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has suffered actual damages.

34.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2), 1692e(5), 1692e(8), 1692f, and 1692g(b).

35.    As stated above, Pressler & Pressler sued on behalf of Genesis Laboratory, to recover the amount alleged to be due.

36.    Plaintiff's Answer denied all allegations contained in the state action complaint, and requested proof from the Defendant that Plaintiff owned the alleged debt.

37.    Defendant understood that the Plaintiff was refusing to pay on this debt.

38.  Defendant understood that the Plaintiff disputed this debt.

39.  Defendant knew that the Plaintiff did not owe this debt.

40.  Defendant Pressler & Pressler, made a conscious choice to continue to allow the lawsuit to move forward even though Defendant knew that there was no merit to the case, but Defendant sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt the Plaintiff did not owe.

41.  Defendant's attorney served a Notice to Admit upon the Plaintiff requesting Plaintiff admit that she had received the said medical services provided by Genesis, that she had in fact consented to receive the medical services from Genesis, and that she had never objected to any of the charges contained on the billing statements.

42.  The least sophisticated debtor would not know to make a motion to preclude relating to a Notice to Admit.

43.  A party who does not respond to a Notice to Admit is deemed to have admitted the items in the Notice to Admit for the purposes of the action in which the Notice to Admit was served. Siegel, New York Practice 5th § 364; 6-3123 New York Civil Practice (*Weinstein-Korn & Miller*) CPLR 3123.10; and CPLR 3123(a).

44.  Defendant knew or should have known that the Plaintiff had made a written objection to the alleged medical debt because she had done so in writing in her Answer.

45.  The service of requests for admission containing false information upon a *pro-se* Defendant, constitutes "unfair or unconscionable" or "false, deceptive, or misleading" means to collect a debt.  Requesting a *pro-se* litigant to admit the "entire case against him and concede all defenses," and false requests for admission constituted "unfair or unconscionable," or "false, deceptive or misleading" means to collect a debt under the

FDCPA.  <u>McCollough</u>, 637 F. 3d 939, at 952.

46.  A notice to admit is a disclosure device.  A notice to admit is only to be used to save a party the trouble and expense of proving a readily admittable fact. *Siegel, New York Practice 5th § 364.*

47.  A notice to admit is used to get a party to admit facts that will not be in dispute at trial. 6-3123 New York Civil Practice (*Weinstein-Korn & Miller*) CPLR 3123.1.

48.  The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial.  It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial.

49.  A notice to admit which goes to the heart of the matters at issue is improper." <u>DeSilva v. Rosenberg</u>, 236 AD2d 508, 654 N.Y.S.2d 30 (2nd Dept. 1997).

50.  A notice to admit is to be used "...to elicit a stipulation regarding specific matters concerning which there is general agreement. <u>Lewis v. Hertz Corp.</u>, 193 AD2d 470, 597 N.Y.S.2d 368 (1st Dept. 1993).

51.  A notice to admit cannot be used to obtain information which must be obtained by another discovery device such as a deposition. <u>DeSilva v. Rosenberg</u>, supra; and <u>Tolchin v. Glaser</u>, 47 AD3d 922, 849 N.Y.S.2d 439 (2nd Dept. 2008); and <u>Falkowitz v. Kings Highway Hosp.</u>, 43 AD2d 696, 349 N.Y.S.2d 790 (2nd Dept. 1973).

52.  The notice to admit, served against the debtor is undeniably abusive, misleading and improper since it required the debtor to admit or deny what amounts to all of elements of the debt collectors' prima facie proof in its cause of action for breach of contract and account stated. <u>Midland Funding LLC v Joya Valentin</u>, 966 N.Y.S.2d 656, 2013 NY Slip Op 23162, 2013 N.Y. Misc. LEXIS 2045 (N.Y. Dist. Ct. 2013). (Pursuant to N.Y.

C.P.L.R. 3123 The notice to admit was **abusive** and unquestionably improper by requiring a credit card debtor to admit or deny what amounted to all of elements of the assignee's prima facie proof in its cause of action for breach of contract and account stated.)

53.   The Plaintiff was confused, and a least sophisticated consumer would be confused, by the notice to admit served by Defendant.

54.   Defendant is liable for the acts and omissions committed in connection with efforts to collect the alleged debt from Plaintiff.[2]

55.   One of the foremost complications medical-debt lawyers like Pressler & Pressler face in proving a prima facie case in assigned debt cases is proving the underlying debt.

56.   In order to get the records establishing the underlying debt into evidence, Pressler & Pressler must establish the records upon which it relies are business records.  In order to get these records into evidence, Pressler & Pressler must lay the appropriate foundation establishing the documents are business records of the original creditor, in this case Genesis.

57.   A witness from an assignee almost never shows up to testify and when they do, they virtually always lack the requisite knowledge to lay the proper foundation to establish the documents, since the agreements, if any, and the statements, are business records of the original creditor.

58.   In cases such as these there is never an express contractual agreement and the collector must rely on an implied contract to pay for the services. Any such implied contract could only rest upon a showing by the provider that the services were performed and accepted

---

[2] (See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994), Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3rd Cir. 2000)).

with the understanding on both sides that there was a fee obligation. <u>Shapira v. United Medical Service, Inc.</u>, 15 N.Y.2d 200 (Court of Appeals of New York 1965)

59. The debt collector deceptively and unconscionably attempted to use a notice to admit, to unfairly overcome its inability to lay the proper foundation for the admission of documents necessary to establish its prima facie case at trial.

60. A notice to admit may not be used for matters that constitute the very dispute involved in the litigation.  Siegel, *New York Practice 5th § 364*.

61. A debt collector cannot bypass its burden proof and the rules of evidence through improper and deceptive notices to admit.

62. The only way a debt collector can conduct appropriate discovery, is through a deposition or written interrogatories, at which point a debtor could be questioned regarding the alleged debt, and her payment and/or failure to make payment.

63. The debt collector's notices to admit are abusive and improper and in violation of the FDCPA.

64. The debt collector sought to sustain its prima facie burden of demonstrating entitlement to judgment as a matter of law by improperly and deceptively using its notice to admit.

65. "The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial". The debt collector intended to exploit the debtor's failure to respond to its notice to admit (see CPLR §3123[a]), despite knowing that it is improper and abusive to use a notice to admit to obtain the admission of contested ultimate issues regarding the debt allegedly owed to the debt collector.

66. Defendant violated the FDCPA by serving written discovery requests upon the Plaintiff which contained false and deceptive information. The plain language of the FDCPA, which broadly prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt" and prohibits a debt collector from using "any false, deceptive or misleading representation" in the collection of a debt. 15 U.S.C. § 1692e and § 1692f; see also Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994). (the enumerated list of § 1692e and § 1692f violations is non-exhaustive); SENATE REPORT NO. 95-382 ON THE FDCPA (attached hereto as Exhibit "3") ("In addition to these specific prohibitions, this bill prohibits in general terms any harassing, unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.") Consequently, it is well-settled that Congress expressly made the FDCPA broad in scope so courts could proscribe improper conduct by debt collectors.

67. Defendant's conduct in serving requests for admissions upon the Plaintiff which it knew to be abusive and patently improper, was made in an effort to trick the debtor, and is underhanded and deceptive.

68. The issuance of requests for admission, including admission of facts that Defendant knew where disputed which contained information that was critical to all of the elements of Defendant's prima facie proof in its cause of action for breach of contract and account stated is an indication of malfeasance, or in the alternative, under the factory approach to litigation adopted by Defendant, a matter of misfeasance.

69. The plain language of the FDCPA makes it clear that Defendant's abusive notices to admit constituted a "false, deceptive, or misleading practice" in violation of 15 U.S.C.

§§ 1692e and 1692f.

70.    Although under New York law, it is proper for a debt collector to propound requests for

admissions on a debtor; asking a debtor to admit facts the debt collector knows to be

disputed however, is false and misleading as well as abusive and unconscionable, in

violation of the FDCPA.  See [3]Nacherlilla v Prospect Park Alliance, Inc., 88 A.D.3d

770, 772, 930 N.Y.S.2d 643, 645, 2011 N.Y. App. Div. LEXIS 7078, *4-5, 2011 NY

Slip Op 7205, 2 (N.Y. App. Div. 2d Dep't 2011). ("Here, the plaintiff could not have

reasonably believed that the admissions which [plaintiff] sought ... would not be in

"substantial dispute at the trial" as they were identical to certain allegations in her

complaint and were denied by the [defendant] in its answer (CPLR 3123 [a];

Furthermore, the admissions sought on the issue ... "were at the heart of the controversy"

in this case and therefore were improper.") Midland Funding LLC v. Valentin, 40 Misc.

---

[3] Washington v. Alco Auto Sales, 605 N.Y.S.2d 271, 272, 1993 N.Y. App. Div. LEXIS 12146, *1-2, 199 A.D.2d 165 (N.Y. App. Div. 1st Dep't 1993). ("Plaintiffs' notices to admit, which for the most part repeated the allegations of the complaint, improperly demanded that defendants concede many matters that are in dispute or clearly denied. A notice to admit is to be used only for disposing of uncontroverted questions of fact and is certainly not intended as a means of compelling an opposing party to admit to the most fundamental and material of the contested issues of fact, as plaintiffs appear to be endeavoring to do."), Voigt v. Savarino Constr. Corp., 94 A.D.3d 1574, 1575, 942 N.Y.S.2d 860, 861, 2012 N.Y. App. Div. LEXIS 3332, *2-3, 2012 NY Slip Op 3352, 1, 2012 WL 1450414 (N.Y. App. Div. 4th Dep't 2012). ("Here, we agree with the court that plaintiff sought admissions to matters that were at the heart of the controversy, and that plaintiff was using the notice to admit in place of other discovery devices. Further, "plaintiff could not have reasonably believed that the admissions which [he] sought . . . would not be in 'substantial dispute at the trial' as they were identical to certain allegations in [the] complaint and were denied by [defendant] in its answer"), Midland Funding LLC v Loreto, 34 Misc. 3d 1232(A), 1232A, 2012 N.Y. Misc. LEXIS 803, *15-18, 2012 NY Slip Op 50338(U), 7-8, 950 N.Y.S.2d 492 (N.Y. Civ. Ct. 2012). ("It is the court's understanding that third party debt buyers, such as the plaintiff, purchase debt from original creditors for pennies on the dollar often for as little as thruppence (three pence/pennies). It is also the court's understanding that the less money paid to the credit issuer for the account, the less documentation delivered to verify the accuracy of the information. This seems to explain why third party debt buyers, once in litigation, often need several months and multiple adjournments in order to provide documentation to support a disputed claim which a court would reasonably believe plaintiff's counsel would have in a file or access to prior to commencing the suit. Perhaps if they paid as much as sixpence they would obtain more reliable data? The only other possible explanation is that the records are stored in Brigadoon, Scotland, and creditors only have access to them once every one hundred years. This being the situation, a Notice to Admit as a disclosure device is subject to being abused. A third-party debt buyer who only receives a computer printout of the debtor's account could utilize the Notice to Admit to force a debtor to produce documentation to establish the plaintiff's case, when the plaintiff lacks any evidence in admissible form to prove its claim either because it does not exist or because the debt buyer has made a "business decision" not to spend sufficient monies to obtain complete records from the initial creditor. Although a Notice to Admit is clearly permitted under the CPLR in consumer credit situations, it cannot be used by a third-party debt buyer to build its prima facie case against the debtor because the debt buyer never acquires any real documentation from the credit card issuer. Any questions in the Notice directing the defendant to admit to the opening of the account, the charging of purchases, and calculation of the amount due and owing cannot become admissible evidence as the truth of that assertion in the Notice to Admit ... It is not fair to require a defendant to admit the truth of an allegation which plaintiff's counsel cannot independently verify from an admissible business record of the client. Resulting from the recent history of third-party debt buyers having an inability to prove their cases at trial, at inquest, in summary judgment motions and on default owing to a lack of admissible evidence to support their claims, it would be an abuse of the civil practice rules to permit a Notice to Admit to be used to circumvent due process.")

3d 266 (N.Y. Dist. Ct. May 9, 2013). ("A party may not use a notice to admit to prove all of the necessary elements of its prima facie case. A party cannot circumvent its burden of proof and the rules of evidence through a notice to admit...The court finds plaintiff's notice to admit **abusive and improper**." (emphasis added)

71.   Medical debt collectors in particular, have little evidence to establish their case, and little interest in litigating a case with no evidence. Instead they may try to win their case using the consumer's own admissions.  Along with the complaint, or shortly thereafter, the collector will send the consumer a lengthy list of statements, asking the consumer to admit to them, hoping the consumer will not respond in a timely manner.  Failure to respond is treated as an admission of all the requested statements.  The collector then appends those statements to a summary judgment motion and seeks to prevail in the case although presenting little or none of its own evidence.  By serving requests for admission collectors prey on unrepresented consumers' lack of legal knowledge, attempting to prove their cases by sleight of hand when they cannot do so by themselves. See also R. Hobbs et al., National Consumer Law Center, Collection Actions §§ 4.2.2.1 (3rd ed. 2014).

72.   It is unfair and abusive for Defendant to twist the nuances of legal procedures in order to gain advantages over the unrepresented, the crux of this case is turned upon the debt collector's trickery in the discovery process which is meant to confuse the debtor into acknowledging facts that would improperly and deceptively cause the debtor to admit the debt collectors entire case against them as they are ambidextrously defrauded in to conceding all defenses.

(a)      Sending notices to admit on matters that were at the heart of the

controversy is unfair and improper in violation of the FDCPA.

(b)     A notice to admit is not to be used to obtain information which must be obtained by another discovery device such as a deposition.   A notice to admit served in a collector/debtor action is unquestionably deceptive, unfair and improper if it requires Defendant to admit or deny what amounts to all of elements of Plaintiff's prima facie proof in its cause of action for breach of contract and account stated.

(c)     Using notices to admit in place of other discovery devices especially when the debt collector could not have reasonably believed that the admissions which they sought would not be in 'substantial dispute at the trial' as they were identical to certain allegations in the complaint and were denied by debtor in its answer such notices to admit are improper, false, deceptive and misleading, and the purpose in sending such requests for admission was to torpedo the debtor's defense of the lawsuit.

(d)     The debt collector is attempting to use a notice to admit to overcome its inability to lay the proper foundation for the admission of documents necessary to establish its prima facie case at trial.   A notice to admit may not be used for matters that constitute the very dispute involved in the litigation. *Siegel, New York Practice 5th* § 364.   Under New York Law, if a party fails to respond to a notice to admit within 20 days after service, the matters therein are deemed admitted for the purpose of the litigation.   A debt collector's conduct

is always viewed from the standpoint of the least sophisticated debtor, therefore the service of improper requests for admission containing knowingly disputed and false information upon a pro se defendant without an explanation that the requests would be deemed admitted after twenty days constitutes "unfair or unconscionable" or "false, deceptive, or misleading" means to collect a debt.  Here, the debt collector effectively and deceptively requested that the debtor admit the debt collector's entire case against him and concede all defenses.  The least sophisticated debtor cannot be expected to anticipate that a response within thirty days was required to prevent the court from deeming these improper requests admitted.

73.     The inescapable conclusion is that the debt collector asked a *pro-se* defendant to admit to information it knew was disputed and false.  The debt collector either did so knowingly, or neglected to review their minimal file before signing the requests. The debt collector served the requests with no ostensible reason to believe that the debtor would understand their import. The requests for admission were designed to conclusively establish each element of the debt collector's case against the debtor and to use the power of the judicial process against a pro se defendant to collect on a debt that the debt collector lacks any evidence in admissible form to prove its claim.  Although a notice to admit is clearly permitted under the CPLR in consumer credit situations, it cannot be deceptively used by a third-party to build its prima facie case against the debtor because the collector cannot prove its case.

74.     The questions in the Notice directing the defendant to admit the heart of the controversy

cannot become admissible evidence as the truth of that assertion in the notice to admit.

75.   It is not fair to require a defendant to admit the truth of an allegation which plaintiff's counsel cannot independently verify from any admissible business record of the client. Resulting from the debt collector knowing that they have an inability to prove their cases at trial, at inquest, in summary judgment motions and on default owing to a lack of admissible evidence to support their claims, it would be an abuse of the civil practice rules to permit a Notice to Admit to be used to circumvent due process.

76.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

77.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

78.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

79.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

80.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

81.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

82.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of

her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

83.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

84.   As an actual and proximate result of the acts and omissions of Pressler & Pressler, LLP, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

85.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through eighty four (84) as if set forth fully in this cause of action.

86.   This cause of action is brought on behalf of Plaintiff and the members of three classes.

87.   Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were received a summons and complaint in substantially the same form as the summons and complaint sent to the Plaintiff on or about July 21, 2016; and (a) the complaint was sent to a consumer seeking payment of a personal debt purportedly owed to Genesis Laboratory Management, LLC; and (b) ]the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

88.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who disputed their respective debts and seeking verification thereof, within one year prior to the date of the within complaint up to the date of the filing of the complaint; and (b) the Defendant ignored the dispute letter and continued to collect on the debt; and (c) when filing a lawsuit against the debtor in court, the Defendant failed to mark the disputed debt as disputed; and (d) the Defendant was in violation of 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2), 1692e(5), 1692e(8), 1692f, and 1692g(b).

89.     Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received Notices to Admit that asked them to admit statements which it knew or should have known were not true, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

90.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      A.   Based on the fact that a civil lawsuit is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

      B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

      C.   The only individual issue is the identification of the consumers who received such civil lawsuits (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

91. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

92. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

93. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

94. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

95.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that

this Court enter judgment in her favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action;
    and

C.  Any other relief that this Court deems appropriate and just under the
    circumstances.

Dated: Woodmere, New York
July 18, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**Mailing Coversheet**

**ALLA KHAVASOVA**
**8430 DANIELS ST**
**JAMAICA, NY 11435**

Documents: SUMMONS; COMPLAINT



0012613660



File # K111159

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF QUEENS
--------------------------------
GENESIS LABORATORY MANAGEMENT, LLC
                         Plaintiff,          Index No.                012937|16
            -against-                        SUMMONS

ALLA KHAVASOVA
                                             Plaintiff's Residence Address
                                             142 ROUTE 35, STE 208
                                             EATONTOWN  NJ  07724
                         Defendant(s)        The Basis of this venue
--------------------------------            designated is:
Defendant's Residence Address:              Defendant's residence
8430 DANIELS ST
JAMAICA, NY 114352024
To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New
York , COUNTY OF QUEENS , at the office of the clerk of the said Court
at 89-17 SUTPHIN BLVD    in the COUNTY OF QUEENS , City and  State of
New York within the time provided by law as noted below and  to file
your answer to the annexed complaint with the clerk; upon your failure
to answer, judgment will be taken against you for the sum of $2,685.00
together with the costs of this action.
Dated: 07/12/16                  PRESSLER and PRESSLER, LLP
                                 Attorneys for Plaintiff
                           By:S/Daniel E. Schlossberg
                              Daniel E. Schlossberg , Esq.
                              305 Broadway 9th Floor
                              New York, NY 10007
                                  (516)222-7929

Note the law provides that:
a) If this summons is served by its delivery to you personally  within
the City of New York, you must appear and answer  within  TWENTY DAYS
after such service; or
b) If this summons is served by its delivery to any person other  than
you personally, or is served outside the  City of  New York, or by
publication, or by any means other than personal delivery to you within
the City of New York, you are allowed THIRTY DAYS after the  proof of
service thereof is filed with the Clerk of this Court within which  to
appear and answer.





File # K111159

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK - CONDADO DE QUEENS
--------------------------------
GENESIS LABORATORY MANAGEMENT, LLC
                          Demandante,        **No. del Epigrafe.**
           -Vs.-                             **CITACION**
                                             Direccion del Demandante:
**ALLA KHAVASOVA**
                                             142 ROUTE 35, STE 208
                                             EATONTOWN  NJ  07724
                          Demandado(s)       La razon de haber designado
                                             esta Corte es:
                                             La Residencia del demandado
--------------------------------
Residencia del Demandado(s)
8430 DANIELS ST
JAMAICA, NY 114352024
Al demandado(s) arriba mencionado(s):

USTED ESTA CITADO a comparacer en la Corte Civil de la Cuidad  de  Nueva
York, Condado de QUEENS a la oficina del jefe Principal de dicha Corte en
89-17 SUTPHIN BLVD  en el Condado de QUEENS , Ciudad y Estado  de  Nueva
York, dentro del tiempo provisto por la ley segun lo indicado abajo y  a
presentar su respuesta a la demanda al Jefe de la Corte; si  usted  no
comparece a contestar, se rendira sentencia contra usted en la  suma  de
$2,685.00 , incluyendo las costas de esta causa.
Fechado, el dia de: 07/12/16   PRESSLER and PRESSLER, LLP
                                        Abogado(s) del Demandante
                          Por:S/Daniel E. Schlossberg
                               Daniel E. Schlossberg , Esq.
                               305 Broadway 9th Floor
                               New York, NY 10007
                               (516)222-7929
NOTA: La ley provee que:
(a) Si esta citacion es entregada a usted personalmente en la  Ciudad
de Nueva York, usted debe comparecer y responder dentro de VEINTE dias
despues de la entrega; o
(b) Si esta citacion es entregada a otra persona que no  fuera  usted
personalmente, o si fuera entregada afuera de la Ciudad de Nueva York,
o por medio de publicacion, o por otros medios que no fueran  entrega
personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias
para comparecer y responder la demanda, despues de haberse presentado
prueba de entrega de la citacion al Jefe de esta Corte.

File # K111159

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF QUEENS
-----------------------------------
GENESIS LABORATORY MANAGEMENT, LLC
                   Plaintiff(s)       **Index No.**
                   -against-         <u>**COMPLAINT**</u>
ALLA KHAVASOVA
                   Defendant(s)
-----------------------------------

     Plaintiff by its attorney, Pressler and Pressler, LLP complaining of the defendant(s) respectfully alleges upon information and belief as follows:

<u>**FIRST CAUSE OF ACTION**</u>

1.  Plaintiff, GENESIS LABORATORY MANAGEMENT, LLC, is a limited liability company formed under the laws of the state of New Jersey.
2.  Defendant(s) resides within the jurisdictional limits of this court.
3.  There is due the plaintiff from the Defendant(s), the sum of $2685.00 for the medical services provided pursuant to the attached account(s) which is now in default.

<u>**SECOND CAUSE OF ACTION**</u>

4.  Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs 1-3 as if set forth at length.
5.  Plaintiff mailed statements to the Defendant(s) thereby rendering a full, just and true account of all unpaid amounts for services rendered to the Defendant(s) which are due and owing, and Defendant(s) received, accepted and retained same without objection.
6.  By reason of the aforementioned, an account stated was taken and had between the plaintiff and defendant(s) for the agreed total balance of $2,685.00 .

**WHEREFORE**, plaintiff demands judgment against Defendant(s) on the first cause of action for the sum of $2,685.00 plus costs and disbursements of this action and for such further and other relief as the Court deems just and proper and on the second cause of action for the sum of $2,685.00 plus costs and disbursements of this action and for such further and other relief as the Court deems just and proper.

PRESSLER and PRESSLER, LLP
305 Broadway 9th Floor
New York, NY 10007
(516)222-7929

PRESSLER and PRESSLER, LLP
Attorneys for Plaintiff

By: Daniel E. Schlossberg
Daniel E. Schlossberg , Esq.

| MAKE CHECKS PAYABLE TO | | IF PAYING BY CREDIT CARD, FILL OUT AREA BELOW | | | |
|---|---|---|---|---|---|

**Genesis Laboratory Management, LLC**
1912 Route 35 South
Suite 202
Oakhurst, NJ 07755-2715

**ADDRESS SERVICE REQUESTED**

| CHECK CARD USING FOR PAYMENT | | | AMOUNT |
|---|---|---|---|
| ☐ DISCOVER | ☐ MASTERCARD | ☐ VISA | ☐ AMEX | |
| CARD NUMBER | | | EXP. DATE |
| SIGNATURE | | | CCV CODE |
| ACCOUNT REVIEW DATE | PAY THIS AMOUNT | ACCOUNT NUMBER |
| 12/08/2015 | 2,685.00 | ███████ |

PAGE NO. 1

| | SHOW AMOUNT PAID HERE $ |
|---|---|

ADDRESSEE

Alla Khavasova
84-30 Daniels St.
Briarwood, NY 11435

REMIT TO

**Genesis Laboratory Management, LLC**
1912 Route 35 South
Suite 202
Oakhurst, NJ 07755-2715

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

ACCOUNT REVIEW

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

# ACCOUNT REVIEW THROUGH 12/08/2015

| Date | Patient Name | Doctor | Description | Charge | Credits | Balance | Ins. Pen. |
|---|---|---|---|---|---|---|---|
| 02/26/15 | Alla | RANGWALA | ███████ Insurance Paid to Patient Transfer from GHI INSURANCE to Alla Khavasova | 1,200.00 | | 1,200.00 | |
| 02/26/15 | Alla | RANGWALA | ███████ Insurance Paid to Patient Transfer from GHI INSURANCE to Alla Khavasova | 605.00 | | 605.00 | |
| 02/26/15 | Alla | RANGWALA | ███████ Insurance Paid to Patient Transfer from GHI INSURANCE to Alla Khavasova | 880.00 | | 880.00 | |

| Current | 31 - 60 Days | 61 - 90 Days | 91 - 120 Days | Over 120 Days | Total Balance | Ins. Pending | NOW DUE |
|---|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 2,685.00 | 2,685.00 | 0.00 | 2,685.00 |

| Account Number | Statement Date | Billing Questions | Federal Tax ID |
|---|---|---|---|
| ███████ | 12/08/2015 | Please contact our Billing Company, Metropolitan Healthcare, at: (732) 389-8400 X 103 | ███████ |

| Message | Make Checks Payable To |
|---|---|
| | **Genesis Laboratory Management, LLC** 1912 Route 35 South Suite 202 Oakhurst, NJ 07755-2715 |

*check 168.00 from GHI*

**CIVIL COURT OF THE CITY OF NEW YORK**   **P&P File K111159**
**COUNTY OF QUEENS**

GENESIS LABORATORY MANAGEMENT, LLC
                    Plaintiff
                    vs.                             Index No.  012937/16

                                                    **NOTICE TO ADMIT**
                                                    **TRUTH OF FACTS**

ALLA KHAVASOVA

          Defendant(s)

TO:   ALLA KHAVASOVA

      8430 DANIELS ST
      JAMAICA, NY 114352024

     REQUEST is hereby made by the plaintiff of the defendant for  the
admission of the genuineness of the documents and  the  truth  of  the
matters hereinafter set forth, within 20 days after the service hereof
upon you.

     TAKE NOTICE that if you fail to do so each of the matters  as  to
which an admission is requested shall be deemed admitted, unless by the
above mentioned time, you have acted or otherwise moved with regard to
this request in accordance with the provisions of NY CPLR R. 3123.

     Do you admit that:

1.  Does the defendant admit or  deny  that  he/she/they  requested
medical services from the Plaintiff as set forth in the complaint?  If
denied,  set  forth  specifically  those  services  requested  by  the
defendant from plaintiff.


     ANS.


2.  Does the defendant admit or  deny  that  medical  services  were
received from the plaintiff as set forth in the complaint?  If denied,
set forth specifically those services defendant claims to have received
from plaintiff.


     ANS.

3.  Does the defendant admit or deny that the  services  rendered  by
Plaintiff to the Defendant as set forth in the complaint were
reasonable and necessary?


     ANS.

4.   Does the Defendant admit or deny that the charges for those services supplied by Plaintiff to the Defendant as set forth in the complaint were reasonable?


        ANS.


5.   Does the Defendant admit or deny that the plaintiff billed the defendant for said services as set forth in the complaint?


        ANS.


6.   Does the defendant admit or deny that he/she owes Plaintiff 2,685.00 as set forth in the complaint? If denied, set forth the amount defendant claims to owe plaintiff.


        ANS.


The Answers given to the above questions are true and complete to the best of my knowledge.

Defendant's Signature_____
              (Sworn Before a Notary Public)


  Sworn to before me this:_____day of_____2016


  Notary Public Signature_____

  Dated: 10/13/16

                              PRESSLER and PRESSLER, LLP
                              Attorney for Plaintiff
                              305 Broadway 9th Floor
                              New York, NY 10007
                              (516)222-7929

                              By:_____
                                  Craig S. Stiller